# Lefever's Estate.

*Practice, O. C.—Decree of distribution—Modification of decree—Appeal—Lunacy.*

Where the orphans' court has entered a decree in exact accordance with the judgment and opinion of the appellate court, such decree will not be reversed on a second appeal, because there was filed in the orphans' court, after the decree was entered, a record from another state showing that one of the distributees had been adjudicated a lunatic. In such a case the appellate court will affirm the decree and direct that the share of the lunatic shall be paid over to the latter's committee upon proof to the orphans' court that the committee had entered a proper bond.

Argued Nov. 12, 1909. Appeal, No. 195, Oct. T., 1909, by Amos D. Lefever et al., from decree of O. C. Lancaster Co., March T., 1907, No. 9, distributing estate of John Lefever, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Distribution of estate of John Lefever, deceased.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court, and that the court erred in not awarding the share of Daniel D. Lefever to his guardian or committee in lunacy.

*Hugh R. Fulton*, with him *H. M. Houser*, for appellant.

*W. H. Kready*, with him *F. B. Donesthorpe*, for appellee.

OPINION BY PORTER, J., December 14, 1909:

This is the second appeal which has reached this court from a decree by the court below distributing the fund which now is, and long has been, in the hands of George N. Lefever, executor, one of these appellants. The former appeal was by Mary Lefever, widow, Henry D. Lefever and Amos D. Lefever, and the disposition of said appeal is reported in 39 Pa. Supe-

rior Ct. 189. The record having been returned to the court below, that court entered a decree of distribution in exact accordance with the opinion and judgment of this court upon the former appeal, and this appeal is absolutely without merit. The provisions of the will of John Lefever are fully set forth in the report of the decision upon the former appeal and it is not necessary here to repeat them. We held in the former appeal that a devise of certain lands in Nebraska to Daniel D. Lefever, in the original will, accompanied by a direction that, in case the testator conveyed the land to Daniel in his lifetime the valuation of $4,000 "either charged against him or a mortgage taken for the same, be canceled; and I hereby give and bequeath unto him, the said Daniel D., the said sum of $4,000 charged for said land," followed by a codicil declaring that whereas the testator had conveyed the said land to Daniel "by deed of this date for a consideration of $4,000, I now give and bequeath the said sum of $4,000 to him my said son Daniel D. Lefever," was a bequest of the unpaid purchase money for the land, and not a general bequest of $4,000 in addition to the unpaid purchase money; that, even if the bequest of $4,000 was a general pecuniary legacy, then, under the admission of Daniel D. Lefever that the $4,000 purchase money of the farm had not been paid and that it was to be accounted for in the settlement of his father's estate, the advancement must be held to be a satisfaction or an ademption of the legacy; and that under the provisions of the will the interest of the widow, Mary Lefever, in the fund was to be ascertained without deducting this sum of $4,000 as a legacy. We said, also, in that case that when it came to the distribution of the other two-thirds of the estate, after ascertaining the interest of the widow, the basis theretofore adopted by the court would reach the correct result, but the amount to which each of the distributees would be entitled must necessarily be decreased. We there said that if Daniel D. Lefever was still to be credited, as between him and Amos D. Lefever and Henry D. Lefever, with the legacy of $4,000 he would still have to be charged with the $4,000 advancement which worked the ademption of that legacy; but if the

credit of $4,000 for the legacy was omitted, then the amount of the advancements to him would have to be correspondingly reduced. The present decree of distribution was made by the court below upon the same evidence which had been submitted prior to the former distribution; no new evidence having been offered by any of the parties. The court below ascertained the interest of the widow in the fund in the manner directed by our former decree, and when it came to ascertain the interest of Daniel D. Lefever it did not credit him with the legacy of $4,000 referred to, nor did it charge him with the $4,000 unpaid purchase money for the farm, as an advancement; this reached the correct result and was an exact compliance with the direction to make distribution in accordance with our former opinion. There was no evidence whatever which would have warranted the court below in treating the $4,000 unpaid purchase money for the farm as a general advancement to be charged against Daniel; the consideration of $4,000 for the farm was, if it remained unpaid, expressly bequeathed to Daniel by the will of John Lefever.

The contention of the appellants that the amount to which, under the will, Daniel D. Lefever was entitled should not have been decreed to him personally, but should have been directed to be paid to his guardian, William H. Stewart, the said Daniel D. Lefever having been legally declared to be insane and W. H. Stewart having been appointed his guardian, and that for this reason the decree must be reversed, is not well founded. There was not before the learned judge of the court below at the time he made his decree any legal evidence that Daniel D. Lefever had by a court of competent jurisdiction been found to be insane, and a court is not to be convicted of error because of something which was not before it. It now appears, however, that a duly authenticated copy of the record of the court in the state of Nebraska having jurisdiction of the matter was filed in the court below some time after the decree was entered, and that record shows that Daniel D. Lefever was duly found to be insane and W. H. Stewart was duly appointed his guardian. The appellee, through his counsel in this court, requests that the decree be

amended, by directing that the amount awarded to Daniel D. Lefever be paid to W. H. Stewart, his guardian, and we will so order. The specifications of error are all dismissed.

The decree is affirmed and the appeal dismissed at cost of the appellants. And the court below, upon the production of proof to that court satisfactory, by the filing of a certificate or certificates, duly authenticated according to the act of congress, that William H. Stewart, committee or guardian of Daniel D. Lefever, who has by the courts of the state of Nebraska been adjudged a lunatic, has given bond, with security approved by the proper authority in the state of Nebraska, in double the amount of the fund decreed to the said Daniel D. Lefever; is directed to order that the fund decreed to Daniel D. Lefever be paid to William H. Stewart, guardian or committee of said Daniel D. Lefever, a lunatic.